1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID KAY WIENS,                          No.  2:17-cv-1672 MCE DB PS

12                   Plaintiff,

13        v.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14   UNITED STATES OF AMERICA
     VETERANS HOSPITAL,
15

16                   Defendant.

17

18        Plaintiff, David Wiens, is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

21   U.S.C. § 1915.  (ECF Nos. 1 & 2.)  The complaint asserts that an employee of the defendant

22   improperly extracted plaintiff's tooth.

23        The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

26   below, the undersigned will recommend that plaintiff's application to proceed in forma pauperis

27   be denied and that plaintiff's complaint be dismissed without leave to amend.

28   ////

                                              1

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

2

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.      Plaintiff's Complaint

It appears from plaintiff's filing that this court currently lacks subject matter jurisdiction over this action.  In this regard, the complaint alleges that the "VA HOSP. DENTAL DEPT IMPROPERLY EXTRACTED" plaintiff's tooth.  (Compl. (ECF No. 1) at 8.)  An action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671-2680.  See also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action").

However, "a FTCA action 'shall not be instituted' against the United States unless the claimant first presents his claim to the 'appropriate federal agency' and the claim is denied."  Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir. 1996) (quoting Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991)).  The requirement is jurisdictional and "must be strictly adhered to."  Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992).  In this regard, when the plaintiff fails to exhaust administrative remedies prior to filing suit, a FTCA action may not be maintained.  McNeil v. United States, 508 U.S. 106 (1993).

Here, attached to plaintiff's complaint is a letter dated April 5, 2017, from the U.S. Department of Veterans Affairs, ("VA"), acknowledging receipt of plaintiff's FTCA claim.  (ECF No. 1 at 19.)  The letter explains that the "VA has six months to consider a claim before" plaintiff has "the option to file suit in U.S. District Court."  (Id. (citing 28 U.S.C. § 2675)).  Plaintiff filed

this action on August 11, 2017, less than six months after the VA received his claim. (ECF No. 1.) Moreover, on October 3, 2017, plaintiff filed a status report. That filing included an October 3, 2017 letter from the VA finding "no negligent or wrongful act on the part of an employee" of the VA, and explaining that plaintiff could now "file suit directly under the FTCA . . . . in a Federal district court." (ECF No. 3 at 6-7.)

A plaintiff cannot bring a FTCA claim prematurely and later amend the claim after exhausting administrative remedies because the district court lacks jurisdiction over a FTCA claim that is filed before the exhaustion requirement of § 2675(a) is satisfied. See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); Sparrow v. U.S. Postal Service, 825 F.Supp. 252, 254-255 (E.D. Cal. 1993).

Accordingly, for the reasons stated above, plaintiff's complaint should be dismissed for lack of jurisdiction.

**III.    Leave to Amend**

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim over which the court would have jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

"Because § 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, plaintiff's complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." Sparrow, 825 F.Supp. at 255. Accordingly, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 11, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

////

4

2. Plaintiff's August 11, 2017 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wiens1672.ifp.den.f&rs

5